UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DONALD RANDOLPH TAYLOR,

        Petitioner,

v.                                                 Case No. 16-14283

MARK McCULLICK,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

      Petitioner Donald Randolph Taylor was convicted by jury in the Wayne Circuit Court of first-degree murder, Mich. Comp. Laws § 750.316; two counts of armed robbery, Mich. Comp. Laws § 750.529; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The trial court sentenced Petitioner to life imprisonment for the murder conviction, 60-to-100 years for the armed robbery convictions, and a consecutive 2-year term for the felony-firearm conviction. He now petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. #1.)

      The petition raises two claims: (1) there was insufficient evidence presented at trial to establish beyond a reasonable doubt Petitioner's identity as the perpetrator of the crimes, and (2) the trial court erroneously sentenced Petitioner to 60-to-100 years for the armed robbery convictions. The court will deny the petition because Petitioner's claims are without merit. The court will also deny a certificate of appealability.

1

# I. BACKGROUND

The charges against Petitioner stem from the robbery and shooting death of Demetri Green.

At Petitioner's trial, Cazaraza Archer testified that on the evening of January 4, 2013, he and Green parked their vehicle near a store at the intersection of East Warren and Nottingham in Detroit. An SUV pulled up; a person Archer later identified as Petitioner exited the passenger side. Petitioner pulled out an assault rifle and told the two men to lie down. Green complied, but Archer ran across the street when he saw the gun. Archer reached the other side of the street, and when he turned around he saw Petitioner fire the rifle at Green's head. Archer returned fire with his own 9mm handgun, but Petitioner escaped in the SUV. Three days after the shooting, Archer went to the police station and identified Petitioner from an array of photographs.

Detroit Police Officers dispatched to the scene found Green lying dead in a pool of blood and loose cash. The officers spoke to Archer and took his handgun. A police evidence technician recovered a fired casing found near the location of the body. The medical examiner subsequently determined that the victim died from a single perforating gunshot wound that passed through his brain and exited his cheek.

Four days after the murder, another Detroit Police Officer was assigned to apprehend Petitioner. When the officer located Petitioner, he attempted to run away. The officer saw Petitioner remove an assault rifle from his pants leg and throw it over a fence as he ran. The weapon was recovered, and Petitioner was caught and arrested.

A Michigan State Police firearm expert testified that the rifle recovered during the chase was the weapon that discharged the casing found near Green's body. Expert

2

testimony also indicated that the bullet hole found on the left side of Green's hood was likely caused by a shot fired from four feet away or less.

Rochelle Adams, Petitioner's aunt, testified against him at trial. Adams testified that in January of 2013, Petitioner came to her house and asked her if she had watched the news because he may have shot someone. They later saw a woman on television talking about her son's murder. Petitioner told Adams that he and another man were robbing two men, and that he would not have shot the victim if he had not been running his mouth. Petitioner also told Adams that he enjoyed seeing people begging for their lives and taking their last breath. After Petitioner left, Adams contacted the Detroit Police Homicide unit.

Petitioner testified in his own defense. Petitioner claimed that on the date of his arrest he was with two other men. It was one of these other men and not Petitioner who threw the rifle over the fence. Petitioner ran because he was being chased. He denied telling his aunt that he was involved in the shooting. Petitioner claimed that he was drunk at the time, and that it was his friend Darnell who killed Green.

The jury found Petitioner guilty as charged, and he was subsequently sentenced as indicated above. Following his conviction and sentence, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following two claims:

> I. The prosecution failed to produce legally sufficient evidence to identify Appellant as the perpetrator or prove his guilt beyond a reasonable doubt.
>
> II. The trial court abused its discretion in imposing sentences of 60 to 100 years imprisonment for armed robbery which exceeded the sentencing guidelines range of 135 to 255 months without acknowledging it was departing above the guidelines or articulating any substantial and compelling reasons to support that departure.

The Michigan Court of Appeals denied Petitioner's application for delayed appeal "for lack of merit in the grounds presented." *People v. Taylor*, No. 321927 (Mich. Ct. App. Sept. 15, 2014). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed. *People v. Taylor*, 870 N.W.2d 892 (Mich. 2015) (Table).

## II. STANDARD

Under 28 U.S.C. § 2254(d)(1), a federal court's review of a habeas action is limited if the claims were adjudicated on the merits by a state court. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

4

correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Woods v. Etherton*, __ U.S.__, 136 S. Ct. 1149, 1152 (2016) (habeas relief precluded where state court decision was "not beyond the realm of possibility [from what] a fairminded jurist could conclude").

### III. DISCUSSION

### A. Sufficiency of the Evidence

Petitioner first asserts that insufficient evidence was presented at trial to prove beyond a reasonable doubt that he was guilty of the accused crimes. The AEDPA deferential standard of review applies because the Michigan Court of Appeals' order denying leave to appeal "for lack of merit in the grounds presented" constitutes a decision on the merits. See *Werth v. Bell*, 692 F.3d 486, 492–94 (6th Cir. 2012).

In reviewing sufficiency-of-the-evidence claims under the AEDPA, the court gives the state court's judgment a double layer of deference. *Brown v. Konteh*, 567 F.3d 191, 204–05 (6th Cir. 2009). First, the court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 205 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Second, even if the court concludes that a rational trier of fact could not have found the petitioner guilty beyond a reasonable doubt, it must defer to the state court's sufficiency determination as long as it is not unreasonable. *Brown*, 567 F.3d at 205 (citing 28 U.S.C. § 2254(d)(2)).

Viewing the evidence presented at Petitioner's trial through this doubly-deferential lens, Petitioner's claim is frivolous. The surviving victim identified Petitioner

5

as the shooter in a photographic line-up procedure. The court must presume the jury found his testimony to be credible. See *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). Petitioner's aunt testified that Petitioner admitted to committing the crime. The court must likewise presume that the jury found her testimony credible. Finally, during a foot chase, a police officer saw Petitioner throw what was later identified as the murder weapon over a fence. The court must presume that the jury found the testimony of the police witnesses to be credible as well. And of course the jury was free to disbelieve Petitioner's self-serving testimony that his friend committed the crime.

The evidence presented at trial was not merely sufficient to support the jury's verdict—it overwhelmingly demonstrated his guilt. Petitioner's first claim is devoid of merit.

### B. Departure From Sentencing Guidelines

Petitioner's second claim asserts that the trial court erroneously departed from the recommended sentencing guideline range for the armed robbery convictions. He also argues that Michigan's habitual offender law violates the Double Jeopardy Clause.

Petitioner's claim that the trial court incorrectly sentenced him under the Michigan Sentencing Guidelines is non-cognizable. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016).

As for Petitioner's Double Jeopardy Claim, in *Nichols v. United States*, 511 U.S. 738, 747 (1994), the Supreme Court explained that "'[t]his Court consistently has sustained repeat-offender laws as penalizing only the last offense committed by the defendant.'" (quoting *Baldasar v. Illinois*, 446 U.S. 222, 232 (1980) (Powell, J.,

6

dissenting)). Increasing a convicted defendant's sentence on the basis of prior convictions does not violate the Double Jeopardy Clause because "[w]hen a defendant is given a higher sentence under a recidivism statute—or for that matter, when a sentencing judge, under a guidelines regime or a discretionary sentencing system, increases a sentence based on the defendant's criminal history—100% of the punishment is for the offense of conviction. None is for the prior convictions or the defendant's 'status as a recidivist.' The sentence 'is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one.'" *United States v. Rodriquez*, 553 U.S. 377, 385–86 (2008) (alteration original) (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)). Increasing Petitioner's sentence for the armed robbery convictions on the basis of his prior felony convictions did not implicate his Double Jeopardy rights.

Because both of Petitioner's claims are without merit, the petition will be denied.

## IV. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability is warranted only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner shows that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

7

*Cockrell*, 537 U.S. 322, 327 (2003). The court, having considered the matter, concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the court DENIES a certificate of appealability.

## V. CONCLUSION

For the reasons stated, the court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus (Dkt. #1) is DENIED and the petition is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

                                         s/Robert H. Cleland        /
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: March 31, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 27, 2018, by electronic and/or ordinary mail.

                                         s/Lisa Wagner            /
                                         Case Manager and Deputy Clerk
                                         (810) 292-6522

Z:\Cleland\KNP\2254\16-14283.TAYLOR.Deny.2254.BHB.KNP.docx